NOTICE

Decision filed 05/09/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250099-U

NO. 5-25-0099

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 24-CF-351 |
| | ) | |
| LARRY C. MOSS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's orders granting the State's verified petition to deny pretrial release and denying defendant's motion for relief are affirmed where no condition, or combination of conditions, alleviates defendant's dangerousness.

¶ 2    Defendant, Larry C. Moss, appeals the circuit court's November 19, 2024, order denying his pretrial release and the January 22, 2025, order denying his motion for relief. On appeal, he argues that the court erred by finding that no condition or combination of conditions would ensure defendant's appearance for subsequent hearings or being charged with a subsequent felony or Class A misdemeanor. For the following reasons, we affirm.

1

¶ 3                                   I. BACKGROUND

¶ 4     On November 12, 2024, defendant was charged, by information,[1] with one count of aggravated arson in violation of section 20-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/20-1.1(a) (West 2024)), a Class X felony. The charges alleged that defendant, while committing an arson, knowingly partially damaged an apartment building and at the time defendant knew or should have reasonably known that one or more persons were present therein. The same day, the State filed a verified petition to deny defendant pretrial release. Also on November 12, 2024, the State filed a petition to revoke pretrial release in 24-CF-336. The petition to revoke alleged defendant committed a new offense at a time when he was already on pretrial release for his alleged commission of a hate crime.

¶ 5     The matter proceeded to a hearing on the State's petitions on November 19, 2024. The State proceeded by proffer and described the events which resulted in the underlying charges of each case. Relevant to this appeal, the State proffered that if the aggravated arson case proceeded to trial, Officer Crawford from the Mt. Vernon Police Department would testify that on November 8, 2024, he responded to 1140 Maple Street, Apartment 14 in Mt. Vernon for a report of defendant catching a trash can on fire by throwing a cigarette into it. Upon arriving on scene, Officer Crawford contacted defendant, who was sitting outside the apartment, which had smoke coming from it. Defendant stated he did not know what happened. Later that day, Officer Crawford returned to the residence after receiving a report of a fire inside.

¶ 6     That State further proffered it would call Trent Myers to testify. Myers would testify that on the day in question, he had been at 1140 Maple Street, which is an apartment complex with multi-family dwelling units. Myers would further testify that defendant attempted to start a fire in

_____

[1]The information was superseded by a bill of indictment on November 21, 2024.

2

apartment 14 while Myers was present. Myers would also testify that defendant tried to ignite the carpet by using a lighter and newspaper. Myers would testify that he extinguished the fire multiple times by stepping on it but left the apartment to walk the dog. Upon returning, Myers found that defendant successfully started the fire, which quickly spread.

¶ 7 The State proffered it would also call defendant's wife, Cheryl Moss, to testify. Cheryl Moss would testify that prior to the incident in question, she took defendant to enter a medical detox program, but he was kicked out upon his arrival. She would testify that on their way home, defendant made several alarming statements, including threats to harm their grandson and to burn down their apartment building. Cheryl Moss would also testify that defendant previously started a fire in the trash can of their apartment.

¶ 8 The State noted defendant's criminal history, particularly, a 2009 case in Georgia in which defendant was convicted of terroristic threats, arson, and obstructing an officer. The State also referenced defendant's numerous DUI convictions, a burglary conviction, and theft convictions, which dated back to 1980.

¶ 9 Defendant proceeded by proffer. Defense counsel stated that if called to testify, defendant would inform the court that he was 69 years of age, he resided in Mt. Vernon, and was in "terrible health." Defendant would testify he suffered from diabetes, chronic obstructive pulmonary disease, and a myriad of heart issues. Defendant would also testify he suffered from congestive heart failure, and his appendix was recently removed. Counsel argued the allegations made by the State are "just offering for proof for the purpose of the detention hearing, and he's an innocent man as he sits here." Counsel also argued defendant's poor health precluded him from being a danger to anyone. Defense counsel proffered that defendant was a horrible alcoholic and "[i]f he stops drinking, he will likely die."

3

¶ 10    The State argued that it showed by clear and convincing evidence that defendant committed a qualifying offense, aggravated arson, when he set his apartment on fire, which was part of an apartment complex containing multiple families. The State contended defendant posed a real and present threat to the safety of any person or persons in the community. Specifically, the State argued that defendant posed a threat to anyone that lives in the apartment complex as well as defendant's wife and their grandson. The State asserted that no condition or combination of conditions could mitigate the real and present threat to the safety of those persons. The State argued that home confinement or ankle monitoring would be insufficient, as defendant tried to burn down his own home. The State also asked the court to make a finding that it was necessary to revoke defendant's pretrial release in 24-CF-336 to prevent defendant from committing subsequent felonies or Class A misdemeanors.

¶ 11    In response, defendant first addressed the petition to revoke his pretrial release in 24-CF-336. Defendant argued that the circuit court was "presented with the option to revoke it, to modify it, or to sanction him." Defendant argued that the court could place further conditions on defendant or sanction him for 30 days.

¶ 12    With regard to 24-CF-351, defendant argued the petition to deny pretrial release should be denied based on defendant's health issues. Defendant argued he lost his son and stepson within the last year. Defendant argued the court could place counseling, anger management, and sobriety conditions upon him. Defendant further suggested the court could require him to report daily to pretrial services. Defendant argued, "There are a million different things you can do, short of keeping him in custody that endangers his health and places liability upon the jail in this county."

¶ 13    Following argument, the circuit court noted defendant's arguments were contradictory. Defendant argued conditions of sobriety could be imposed; however, defendant previously

4

indicated that he was an irretrievable alcoholic that must consume alcohol or he will die. The court stated, "I don't know what good it does to mandate sobriety upon someone who probably is going to consume alcohol no matter what I say unless he's in jail and has no options for it." The circuit court found, in 24-CF-351, that defendant committed a qualifying offense of aggravated arson, a Class X felony, that defendant posed a real and present threat to the safety of any person or persons in the community, and that no condition or combination of conditions would mitigate that threat. The court noted that defendant's health issues did not prevent him from allegedly setting the fire. As such, the court granted the State's petition to deny pretrial release. With respect to the petition to revoke in 24-CF-336, the circuit court sanctioned defendant to 30 days in the county jail, with credit only for time served.

¶ 14     On November 19, 2024, the circuit court entered its order for detention and found the proof was evident or the presumption great the defendant committed a qualifying offense, defendant posed a real and present threat to the safety of any person or persons or the community, and no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons. The court found that less restrictive conditions would not assure the safety of any person or persons or the community due to the "nature of the offense—defendant started fire at his own apartment which is part of a building shared with other families." The court included the same reasoning for why defendant should be denied pretrial release. Also on November 19, 2024, the court entered its order for sanctions, ordering defendant to imprisonment in the county jail for 30 days, with day for day credit to apply.

¶ 15     On December 3, 2024, defendant filed a motion for relief and immediate release. In his motion, defendant argued that the court erred by granting the "State's Petition to Revoke Pretrial Release and the State's Verified Petition to Deny Defendant Pretrial Release" because the State

5

failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure defendant's appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. The motion argued that the court failed to consider defendant's (1) ties to the community, (2) willingness to abide by any terms of pretrial release, (3) employment, (4) poor health status, and (5) lack of relevant criminal history.

¶ 16    On January 22, 2025, the circuit court held a hearing on defendant's motion for relief. Defendant asked the court to reconsider the detention order. Defendant noted that he was in the custody of Pulaski County, because Jefferson County was not able to care for him due to his health issues. Defendant argued he should be granted pretrial release with conditions, such as an ankle monitor.

¶ 17    In response, the State summarized the facts of the underlying charges. The court inquired into defendant's criminal history, which included terroristic threats for which defendant received a 10-year sentence in Georgia. The State argued there were no conditions of release which would ensure the safety of anyone living with defendant. On rebuttal, defendant argued that defendant's issues stem from alcohol use. Defendant noted that he was over 60 days sober, and pretrial services had the authority to require daily alcohol monitoring. Defendant argued that none of his criminal history is relevant.

¶ 18    Following arguments, the circuit court denied defendant's motion for relief. The court noted the severity and dangerousness of defendant's actions and the potential tragedy that could have occurred by setting a residential building on fire. The court concluded there is "no condition or combination of conditions which would convince the court that [defendant] would abide by its rulings, its order to cooperate with Pretrial Services and not violate the law and so on."

¶ 19    On January 22, 2025, defendant's motion for relief was denied by docket entry. Defendant filed a timely notice of appeal on February 10, 2025, in 24-CF-351. Defendant does not appeal the imposition of sanctions in 24-CF-336.

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, defendant argues that the court erred by finding that no condition or combination of conditions would ensure defendant's appearance for subsequent hearings or being charged with a subsequent felony or Class A misdemeanor. For the following reasons, we affirm.

¶ 22    Pretrial release—including the conditions related thereto—is governed by statute. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). In order to detain a defendant, the State has the burden to prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and (3) less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e).

¶ 23    In considering whether the defendant poses a real and present threat to the safety of any person or the community, *i.e.*, making a determination of "dangerousness," the trial court may consider evidence or testimony concerning factors that include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances

7

surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the Code of Criminal Procedure of 1963 (*id.* § 110-5). *Id.* § 110-6.1(g).

¶ 24    To set appropriate conditions of pretrial release, the trial court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 25    Our standard of review of pretrial release determinations was recently clarified by the Illinois Supreme Court. See *People v. Morgan*, 2025 IL 130626, ¶¶ 43-44, 54. Therein, the court found that when live witness testimony is presented at a pretrial detention hearing, a circuit court's ultimate detention decision under section 110-6.1, in addition to any underlying factual findings supporting the decision, will not be disturbed on review unless found to be contrary to the manifest weight of the evidence. *Id.* ¶ 43.

¶ 26 However, not all pretrial release cases include live witness testimony because the statute allows for presentation of evidence by proffer. See 725 ILCS 5/110-6.1(f)(2) (West 2024). In such instances, "when parties to a pretrial detention hearing proceed solely by proffer, the reviewing court stands in the same position as the circuit court and may therefore conduct its own independent review of the proffered evidence and evidence otherwise documentary in nature." *Morgan*, 2025 IL 130626, ¶ 51. Therefore, where the pretrial detention hearing proceeds solely by proffer, the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature. *Id.* ¶ 54. As the parties proceeded by proffer at the pretrial detention hearing, our review is *de novo*.

¶ 27 Defendant's notice of appeal claims that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof was evident or the presumption great that defendant committed the charged offense; (2) defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case; and (3) no condition or combination of conditions could mitigate defendant's real and present threat to the safety of any persons or the community, or defendant's willful flight. Defendant's fourth issue claims the court erred in its determination that no conditions or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Notably, only one of these issues was raised in defendant's motion for relief.

¶ 28 On appeal, defendant's appointed counsel, the Office of State Appellate Defender, filed a notice stating it would not be filing a Rule 604(h)(7) memorandum (Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)). Accordingly, our review is limited to the single issue properly raised in

9

defendant's motion for relief. *Id.* This court will not consider issues raised in the notice of appeal that were not previously presented to the trial court. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024) ("Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived.").

¶ 29    Here, defendant's motion for relief solely contended the State failed to prove, by clear and convincing evidence, that no condition or combination of conditions would ensure defendant's appearance for later hearings or from being charged with a subsequent felony or Class A misdemeanor. He then claimed, in support of this proposition, that the circuit court failed to consider defendant's ties to the community, his willingness to abide by pretrial conditions, his employment opportunities, his poor health status, and his lack of relevant criminal history.

¶ 30    We first note that the State was not required to prove, in the instant appeal, by clear and convincing evidence, that no set of conditions would ensure that defendant would not be charged with a subsequent felony or Class A misdemeanor because that is the standard for revocation of pretrial release, not denial of pretrial release. See 725 ILCS 5/110-6(a) (West 2024). The relevant standard for the case at bar required the State to prove by clear and convincing evidence that no condition or combination of conditions could mitigate "the real and present threat to the safety of any person or persons or the community" or mitigate defendant's willful flight.

¶ 31    We reviewed the proffers presented by the State and defendant. Defendant was charged with aggravated arson in violation of section 20-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/20-1.1(a) (West 2024)), a Class X felony. Here, the State's proffer established that defendant started a fire in his own residence, which was a part of a multi-family apartment complex. The proffer established that defendant attempted to start a fire in his apartment on multiple occasions. Further, defendant was already on pretrial release for his alleged commission of a hate crime.

10

Defendant's criminal history revealed a 2009 case in Georgia in which defendant was convicted of terroristic threats, arson, and obstructing an officer. His criminal history also revealed numerous DUI convictions, a burglary conviction, and theft convictions, which date back to 1980.

¶ 32    Here, given the proffers, we find that no condition, or combination of conditions, would mitigate defendant's dangerousness to those he lives with or the community. Accordingly, we affirm the circuit court's order granting the State's petition to detain and denying defendant's motion for relief.

¶ 33                                  III. CONCLUSION

¶ 34    For the reasons stated herein, we affirm the orders of the circuit court of Jefferson County granting the State's petition to deny release and the denial of defendant's motion for relief.


¶ 35    Affirmed.